# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1650

_____

George Poole,                                    *
                                                 *
            Appellant,                           *
                                                 *    Appeal from the United States
      v.                                         *    District Court for the
                                                 *    Eastern District of Missouri.
Jason Flanery, Police Officer,                   *
                                                 *    [UNPUBLISHED]
            Appellee.                            *

_____

Submitted: January 3, 2006
    Filed: January 11, 2006

_____

Before MELLOY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

George Poole appeals the district court's adverse grant of summary judgment of his 42 U.S.C. § 1983 action against Webster Groves police officer Jason Flanery, a five-year veteran of the force. Poole (who is African-American) alleged that in January 2004 Flanery stopped him "for being in an all white neighborhood," ordered him out of his car, searched his car and person without permission, asked questions unrelated to the traffic stop, and issued him four traffic tickets. Poole claimed that the encounter, which lasted forty minutes, violated his due process and equal protection rights, and constituted racial profiling.

We review de novo the district court's grant of summary judgment. See Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005). We agree with the district court that Poole's equal protection claim failed. The undisputed evidence showed that Flanery approached Poole's vehicle and questioned Poole after observing it parked perpendicular to the road with two front wheels in the front yard of a residence. Poole did not allege that Flanery had not approached the vehicles of white motorists stopped sideways in the front yard of a residence. See United States v. Gomez Serena, 368 F.3d 1037, 1040-41 (8th Cir. 2004) (rejecting defendant's racial profiling argument when officer had reasonable and articulable suspicion that traffic violation had occurred); Johnson v. Crooke, 326 F.3d 995, 999-1000 (8th Cir. 2003) (such showing requires proof of both discriminatory effect and purpose; when claim is selective enforcement of traffic laws, African-American plaintiff must prove that similarly situated non-African-American individuals were not stopped or arrested). We also conclude that Poole's due process claim fails because he has never explained how Flanery's conduct violated Poole's due process rights. See Johnson, 326 F.3d at 1000 (motorist's substantive due process claim related to traffic stop was "covered by" Fourth Amendment); Moran v. Clarke, 296 F.3d 638, 651 (8th Cir. 2002) (en banc) (Bye, J., concurring) (to violate substantive due process, official's conduct must shock conscience and violate fundamental right deeply rooted in Nation's history and tradition and implicit in concept of ordered liberty).

In addition, Flanery did not violate Poole's Fourth Amendment rights by approaching the car, given its position, or by further questioning Poole, given the undisputed evidence that Poole initially refused to give his name, subsequently provided a false name, and was unable to provide proof of insurance. See United States v. Williams, 429 F.3d 767, 771 (8th Cir. 2005) (even minor traffic violation provides probable cause for traffic stop); United States v. Sanchez, 417 F.3d 971, 974-76 (8th Cir. 2005) (whether officer has reasonable suspicion to expand scope of stop is determined under totality of circumstances in light of officer's experience).

However, Poole also alleged below--and reiterates on appeal--that Flanery searched Poole's entire car and his person. Because Flanery offered no evidence as to any searches he conducted, there is no basis for concluding, at this stage, that Flanery had probable cause to search Poole's vehicle and his person. Nothing in Poole's complaint suggests that Flanery could reasonably have believed the car contained evidence of criminal activity, or reasonably feared for his safety. See United States v. Kennedy, 427 F.3d 1136, 1140 (8th Cir. 2005) (searches conducted without warrant are per se unreasonable, subject to a few exceptions; government bears burden of establishing exception); United States v. Rodriguez, 414 F.3d 837, 843 (8th Cir. 2005) (under automobile exception, officer with probable cause may search vehicle without warrant; probable cause exists when reasonable person could believe there is fair probability that contraband or evidence of crime would be found); United States v. Bailey, 417 F.3d 873, 876 (8th Cir. 2005) (Fourth Amendment requires probable cause to search person; limited search of outer clothing aimed at discovering weapons not subject to probable cause requirement). Similarly, nothing in the record indicates that Poole consented to a search of his car or person. See United States v. Sanders, 424 F.3d 768, 773 (8th Cir. 2005) (consent to search is exception to warrant requirement).

Accordingly, we affirm as to Poole's equal protection and due process claims, and reverse and remand for the district court to consider in the first instance the allegation that Flanery searched Poole's car and person. We deny Poole's motion for counsel.

_____